## ABC Juvenile

*Robert W. Greigley*, for juvenile.

MacPHAIL, P. J., February 19, 1971.—In this case, a petition was filed against a 16-year-old male juvenile, alleging that he was a delinquent child within the meaning of the Juvenile Court Law of June 2, 1933, P. L. 1433, as amended, 11 PS §243, et seq., because the juvenile allegedly violated section 675.1 of The Penal Code, 18 PS §4675.1, consumption of intoxicating beverage while under 21 years of age; and sections 604.1, 406, 614(b) and 1001(1) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §604.1, 406, 614(b) and 1001(1), operating a motor vehicle after midnight with a junior operator's license, operating without a registration card, operating without a license and reckless driving. A time for hearing was fixed at

which the juvenile was present with his parents and with retained counsel.

After hearing the evidence in the case, the court entered the following order:

"AND NOW, November 5, 1970, after hearing, the Court finds beyond a reasonable doubt that the juvenile did violate Section 675.1 of the Penal Code, and Section 1001(1) of the Vehicle Code; all other charges are dismissed.

"The petition may be dismissed upon payment of the sum of twenty-five ($25.00) dollars on account of the violation of Section 675.1 and ten ($10.00) dollars on account of the violation of Section 1001(1).

"Costs to be paid by the juvenile's parents."

Subsequently, counsel for defendant filed "An Appeal for Revocation of the Final Order of Juvenile Court Dated November 5, 1970." Since there is no provision for such a motion under the provisions of the Juvenile Court Law, counsel for the juvenile has agreed that his motion may be treated as a petition for review under section 15 of the Juvenile Court Law. Counsel has specifically stated to the court that the juvenile does not request a rehearing as provided under section 15.

In his motion, counsel states that the juvenile's case was heard in the Adams County courtroom. The juvenile does not attack the validity of the proceeding against him on this ground, but we deem it necessary to state that all juvenile hearings are held in the courtroom because of space requirements. Such hearings are private and are conducted apart from all other sessions of the court. No one is permitted to be present in the courtroom during such hearings unless specifically authorized by law or by the court. See section 3 of the Juvenile Court Law.

Concerning the merits of the motion, it is alleged therein that the court committed error in the following

respects: (1) by admitting "medical evidence" against the juvenile; (2) by imposing a "fine" upon the juvenile; (3) by "convicting" the juvenile of a crime; (4) by assuming jurisdiction where no criminal complaint had been filed as prescribed by law; (5) by imposing costs on the juvenile; and (6) by entering an order imposing fine and costs when no delinquency was found by the court.

After a review of the law, we conclude that the petition must be dismissed. The "medical evidence" of which complaint is made was the testimony of the night supervisor at the Annie M. Warner Hospital, a registered nurse, who testified she saw the juvenile when he was brought into the emergency room at the hospital. She said she observed an odor of alcoholic beverage on his breath. This testimony was offered to prove the charge of consumption of alcoholic beverages while under age. We know of no rule of evidence that would make this testimony inadmissible. The allegation is also made that any statements made by the juvenile to the nurse would be privileged. In the first place, the juvenile made no incriminating statements to the nurse which were received into evidence. More importantly, the act granting the immunity privilege extends only to physicians unless the nurse overheard a communication between the patient and the physician: Act of June 7, 1907, P. L. 462,28 PS 328; Gilham v. Gilham, 177 Pa. Superior Ct. 328 (1955). Neither the statute nor the exception set forth in the Gilham case apply to the circumstances now before us.

While there is no provision for the payment of fines in the disposition of juvenile cases under the provisions of the Juvenile Court Law, neither is there any prohibition against the imposition of fines. Furthermore, in the case now before us, the court did not impose a fine but, rather, directed that certain "sums" be paid. While the difference is technical, it is also practical.

Rehabilitation of juveniles often is most effective where the payment of money is directed. In the absence of an express prohibition or ruling case law, which counsel has not furnished, we are satisfied that the direction of the court in this matter was not illegal.[1]

Nowhere in the court's order is it stated that the juvenile has been "convicted" of a crime. While the court found beyond a reasonable doubt all of the facts necessary to make out two of the charges against the juvenile, it did not "convict" him. In fact, the order expressly states that the petition would be dismissed, notwithstanding the evidentiary findings, if the juvenile met certain conditions. The obvious reason for such a ruling is to avoid a formal adjudication of delinquency with its inherent detriment to the juvenile.

Jurisdiction is exclusive with the Juvenile Court in all matters pertaining to juveniles: Section 3, Juvenile Court Law. The Act of April 29, 1959, P. L. 58, as amended, supra, is a *permissive* statute[2] with respect to prosecutions of persons over 16 years of age for summary offenses under The Vehicle Code. The policy in this county is that the prosecutors may proceed under the provisions of the Act of 1959, supra, or they may elect to file a petition in Juvenile Court. The latter procedure is usually followed in cases of multiple offenses or where the juvenile's conduct demonstrates to the prosecutor the need to bring the matter

---

[1] In fact, the imposition of fines against juveniles charged with certain violations of The Vehicle Code who are not brought into Juvenile Court is expressly permitted by the Act of April 29, 1959, P. L. 58, as amended, 75 PS §1203.1.

[2] "Any person over the age of 16 years charged with the violation of any provisions of this act constituting a summary offense shall have all the rights and *may* be prosecuted under the provisions of this act in the same manner as an adult . . ." (Italics supplied.)

to the attention of the Juvenile Court. In any event, this petition was properly filed in Juvenile Court and there is no doubt that the Juvenile Court had jurisdiction.

No costs were imposed upon the juvenile in this case.

Lastly, we come to a consideration of the argument that since the Juvenile Court found no delinquency, its order was illegal. This contention is founded upon a false premise. By its factual findings, the Juvenile Court did determine that the juvenile had violated the law. This is delinquent conduct: Section 1(4)(a) of the Juvenile Court Law. It may well be that a formal adjudication of delinquency is required before the options available to the court under section 8 of the Juvenile Court Law are exercised. However, it must also be observed that those options apply only where the Juvenile Court determines that the best interest and welfare of the juvenile require the care, guidance and control of the juvenile. We do not construe that section to mean that these are the exclusive remedies available to the court under all circumstances, nor do we construe it to mean that the court can take no rehabilitative action where the juvenile's conduct has been delinquent but does not require the juvenile's care, guidance and control. We conclude that this argument must fail, because this juvenile did violate the law and there is no provision in the Juvenile Court Law which prohibits the entry of the court's order in the within case.

### ORDER OF COURT

And now, February 19, 1971, for the reasons above set forth, the petition for review is refused and the order of court entered November 5, 1970, is herewith affirmed.